[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: PLAINTIFF'S EXCEPTIONS AND OBJECTIONS
This matter was heard by an attorney trial referee ("ATR") who rendered a report recommending that judgment enter for the two defendants. Plaintiff was first employed by defendant Domino's Pizza, Inc. ("Domino's") which was thereafter sold to defendant Prism Pizza, Inc. ("Prism").
Plaintiff claimed that the defendants failed to CT Page 2391 provide medical insurance to which he was entitled as an employee. As a result, his medical expenses for an illness of August 7, 1990 were not covered by insurance.
The ATR found that defendant Prism did not have to cover plaintiff-employee as a manager in training ("MIT") because plaintiff had not served in such capacity continuously for 90 days as required by the insurance policy. He further found that defendant Domino's did not have to provide coverage because plaintiff was not an eligible MIT and his employment ended before the illness.
The crux of plaintiff's exceptions and objections is the failure of the defendants to produce any health insurance policy pursuant to a discovery request. Plaintiff argues that, without the actual policy, testimony that the policy required 90 continuous days of service for coverage should not be given any weight.
Plaintiff never sought any sanction for the failure to produce the policy. Such sanctions could have included preclusion of evidence or an order that certain facts be deemed established in accordance with the claims of the party obtaining the order. P.B. 231(c) and (d). Plaintiff could have asked the trier to preclude any testimony about the contents of the policy or that it he established as a fact that the policy required only 90 days of service rather than 90 days of continuous service (plaintiff's claim). Instead, plaintiff allowed evidence about the policy requirements to come in without objection and never moved to strike.
Plaintiff contends that, when counsel complained during cross-examination of a witness that the policy had not been produced, the ATR's response was such that any motion or request would have been fruitless. The colloquy with the ATR was as follows (Tr. 8/6/92, pp. 153-154):
 THE COURT: So you didn't have the copy of the insurance policy. Is that what you're saying?
 MS STARK: I don't have anything stating the policy as stated by the witness.
THE COURT: But how can that be corrected CT Page 2392 now? There's nothing we can do about that.
 MS STARK: Well, he's testifying to documents that he did not produce. And if, in fact, that was the policy, then it should be in some written form.
 THE COURT: Obviously, it doesn't appear anywhere. Is that what you're saying?
MS STARK: That is correct.
 THE COURT: All right. I think you made your point.
MS STARK: Okay.
It seems reasonable to read the ATR's statements as meaning nothing could be done about physically producing the document at that moment rather than as a statement that no legal remedy was available for nondisclosure. Indeed, the colloquy could reasonably be read as counsel being satisfied with the nonproduction being a matter which could have affected the witness' credibility. This might well have been a sound tactical decision by counsel because the policy could well have said exactly what the witness testified to.
Plaintiff buttresses this claim that any motion would have been in vain by noting that the ATR had earlier allowed a document in evidence over the objection that it had not been produced in response to a discovery request. This claim is without merit as would be a claim that, if a lawyer's first hearsay objection is overruled, it is fruitless to make any further hearsay objections during the trial.
The trier apparently credited the testimony regarding the insurance policy. This court's function is not to substitute its judgment as to credibility for the trier's but rather, to determine if the trier's findings are supported by the evidence.
The court is sympathetic to the plight of the plaintiff, but notes that he let his health insurance lapse when he went to work for Domino's on the "assumption that I would have coverage through Domino's very shortly." (Tr. p. 7, CT Page 2393 8/9/92.) Unfortunately, he never became eligible under either employer before his illness.
As the findings are sufficiently supported by the evidence, plaintiff's exceptions and objections to the ATR's report are overruled and judgment enters for the defendants.
E. EUGENE SPEAR, JUDGE